FILED & JUDGMENT ENTERED
Steven T. Salata

August 24 2017

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION

In re:                                              )
                                                    )
JON CALVIN WEHUNT, III                              )    Case No. 16-40200
                                                    )
                                                    )    Chapter 13
                            Debtor.                 )

**CONSENT ORDER APPROVING ATTORNEYS' FEES AND EXPENSES UNDER 11 U.S.C. § 506(b)**

THIS MATTER, coming on for consideration before the undersigned United States Bankruptcy Judge for the Western District of North Carolina, without hearing, for the allowance and payment of attorneys' fees and reimbursement of expenses pursuant to 11 U.S.C. § 506(b) to First Bank & Trust. The Court, upon review of the pleadings and evidence before it, finds, by and with the consent of all parties hereto as evidenced by the signatures of their counsel hereon, as follows:

1.  Debtor commenced this case by filing a Voluntary Petition for relief under Chapter 13 of the United States Bankruptcy Code (the "Code") on May 18, 2016 (the "Petition Date"). Steven G. Tate was subsequently appointed and is the duly qualified Chapter 13 Trustee.

2.  First Bank & Trust engaged Brian R. Anderson of the law firm of Nexsen Pruet, PLLC ("Counsel") to represent it with respect to all matters connected with the Debtor's bankruptcy case.

1

3. First Bank & Trust holds a secured claim against the Debtor as evidenced by Claim No. 9-1 filed in this matter on July 28, 2016 in the amount of $666,479.96.

4. The debt due and owing to First Bank & Trust is evidenced by four separate loans made to Debtor as follows: (1) that certain loan bearing a loan number ending in 1185 ("Loan 1185"), including numerous modifications thereto, with the most recent modification occurring on September 17, 2015; (2) that certain loan bearing a loan number ending in 1194 ("Loan 1194"), including numerous modifications thereto, with the most recent modification occurring on September 12, 2015; (3) that certain loan bearing a loan number ending in 0481 ("Loan 0481"), including numerous modifications thereto, with the most recent modification occurring on September 19, 2015; and (4) that certain loan bearing a loan number ending in 0488 ("Loan 0488"), including numerous modifications thereto, with the most recent modification occurring on September 19, 2015 (collectively, the "Loans"). Each of the loans require quarterly payments. True and accurate copies of the Loans are attached to First Bank & Trust's proof of claim [Claim No. 9] and are incorporated herein by reference.

5. As security for the Loans, Debtor and Co-Debtor executed the following deeds of trust: (1) that certain Deed of Trust dated May 24, 2011 and recorded on May 26, 2011 at Book 2251, Page 349 of the Lincoln County Register of Deeds; (2) that certain Deed of Trust dated May 24, 2011 and recorded on May 26, 2011 at Book 2251, Page 361 of the Lincoln County Register of Deeds; (3) that certain Deed of Trust dated November 9, 2012 and recorded on November 21, 2012 at Book 2356, Page 340 of the Lincoln County Register of Deeds; and (4) that certain Deed of Trust dated November 9, 2012 and recorded on November 21, 2012 at Book 2356, Page 353 of the Lincoln County Register of Deeds (collectively, the "Deeds of Trust"). True and accurate copies of the Deeds of Trust are attached to First Bank & Trust's proof of claim [Claim No. 9] and are incorporated herein by reference.

6. The Deeds of Trust encumber the Debtor's real property located in Lincoln County including a 34.35 acre parcel known as Lincoln County tax parcel no. 90088, a 29.565 acre parcel located at 6628 Wehunt Brown Road, Cherryville, North Carolina, and a 7.099 acre parcel located at 6616 Wehunt Brown Road, Cherryville, North Carolina (collectively, the "Property").

7. As further security for the Loans, the Debtor and Co-Debtor pledged their interest in all equipment owned by the Debtor and Co-Debtor. True and accurate copies of the UCC-1 Financing Statement and Continuation statement perfecting First Bank & Trust's lien in the Debtor's and Co-Debtor's equipment are attached to First Bank & Trust's proof of claim [Claim No. 9] and are incorporated herein by reference.

8. First Bank & Trust's claim against the Debtor is oversecured as indicated by the Debtor's schedules. Additionally, the Debtor filed a motion to sell the Property [Dkt. No. 54], the proceeds of which will be sufficient to pay First Bank & Trust in full, including post-petition interest and the attorneys' fees and expenses sought by First Bank & Trust.

9. Counsel has represented First Bank & Trust with respect to all matters pertaining to the Debtor's case and has performed the following services including, but not limited to, monitoring all activities in the Debtor's case, reviewing pertinent documents and filings by the Debtor and other parties, objecting to Debtor's Chapter 13 plan, communicating with Debtor's counsel as to the status of the case including potential sale of the Property, and advising First Bank & Trust on issues related to this bankruptcy case.

10. First Bank & Trust has incurred attorneys' fees in the amount of $4,020.50 arising out of Counsel's representation of First Bank & Trust in the Debtor's bankruptcy case and is obligated for costs and expenses incurred during such representation in the amount of $3.92. No agreement or understanding exists between Counsel and every other person, firm or corporation

3

for the sharing of compensation to be received for services rendered or in connection with this case.

11. The compensation requested is reasonable.

12. As evidenced by the signatures below, the Debtor consents to the allowance of fees and expenses, and permits such fees and expenses to be paid at closing of the sale of the Property. The Chapter 13 Trustee has no objection to the allowance of the requested fees and expenses.

13. Pursuant to 11 U.S.C. § 506(b), First Bank & Trust is entitled to receive reimbursement for attorneys' fees in the amount of $4,020.50 and expenses in the amount of $3.92.

NOW THEREFORE, BY AND WITH THE CONSENT OF THE PARTIES, IT HEREBY IS ORDERED, ADJUDGED AND DECREED as follows:

1. First Bank & Trust's reasonable attorneys' fees in the amount of $4,020.50 and expenses in the amount of $3.92 are ALLOWED; and

2. First Bank & Trust's attorneys' fees and expenses allowed herein shall be paid at the closing of the sale of the Property.

AGREED AND CONSENTED TO BY:

/s/ Brian R. Anderson
Brian R. Anderson
Nexsen Pruet, PLLC
Post Office Box 3463
Greensboro, NC  27402
*Attorney for First Bank & Trust Company*

/s/ Allen. W. Wood, III
Allen W. Wood, III
55-B Northwest Blvd.
PO Box 145
Newton, NC 28658
*Attorney for Debtor*

NO OBJECTION:

/s/ Steven G. Tate
Steven G. Tate
212 Cooper Street
Statesville, NC 28677
*Chapter 13 Trustee*

This Order has been signed
electronically.  The judge's
signature and court's seal
appear at the top of the Order.

United States Bankruptcy Court

5